IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RYAN S. SAMANS, : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | Civ. Act. No. 10-479-LPS |
| : | |
| G.R. JOHNSON, Warden, and JOSEPH : | |
| R. BIDEN, III, Attorney General : | |
| of the State of Delaware, : | |
| : | |
| Respondents. : | |

Ryan S. Samans. *Pro se* Petitioner.

Maria T. Knoll, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

**MEMORANDUM OPINION**

March 14, 2014
Wilmington, Delaware

**STARK, U.S. District Judge:**

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Ryan S. Samans ("Petitioner"). (D.I. 2) For the reasons discussed, the Court will dismiss the Petition and deny the relief requested.

## I. BACKGROUND

In July 2007, witnesses saw Petitioner stab a fourteen-year-old boy and later rob another person while in possession of a shotgun. (D.I. 2, Exh. A: *State v. Samans*, ID 0707000249, Letter Order at 1, Stokes, J. (Del. Super. Ct. April 27, 2009)) As a result, he was arrested and charged with first degree robbery, first degree assault, two counts of possession of a deadly weapon during the commission of a felony, possession of a firearm during the commission of a felony, aggravated menacing, and second degree conspiracy. (*Id.*)

On January 9, 2008, Petitioner entered a guilty plea to the charges of first degree robbery, second degree assault, and possession of a firearm during the commission of a felony. The Superior Court sentenced him to a total of fourteen years of incarceration, with credit for time served, suspended after ten years for a period of probation. *See Samans v. State*, 979 A.2d 1111 (Table), 2009 WL 2634120 (Del. Aug. 27, 2009). Petitioner did not appeal his convictions or sentences.

In February, 2009, Petitioner filed in the Superior Court a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court denied the Rule 61 motion, and the Delaware Supreme Court affirmed that decision. *See Samans*, 2009 WL 2634120. Petitioner filed a second Rule 61 motion, which the Superior Court denied. The Delaware Supreme Court affirmed that decision. *See Samans v. State*, 45 A.3d 149 (Table), 2012 WL 1970109 (Del. June 1, 2012).

1

## II.  LEGAL STANDARDS

### A.  The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003) (internal citations and quotation marks omitted). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford*, 538 U.S. at 206.

### B.  Standard of Review

When a state's highest court has adjudicated a federal habeas claim on the merits, a federal court must review a habeas claim under the deferential standard contained in 28 U.S.C. § 2254(d). A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *See Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009).

Pursuant to 28 U.S.C. § 2254(d), federal habeas relief may only be granted if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000);

2

*Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001). This deferential standard of § 2254(d) applies even "when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied;" as recently explained by the Supreme Court, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, __ U.S. __, 131 S.Ct. 770, 784-85 (2011).

Finally, when reviewing a habeas claim under § 2254(d), a federal court must presume that the state court's determinations of factual issues are correct. *See* 28 U.S.C. § 2254(e)(1); *Appel*, 250 F.3d at 210. This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas unreasonable application standard of § 2254(d)(2) applies to factual decisions).

## III. DISCUSSION

The Petition[1] asserts three grounds for relief: (1) counsel provided ineffective assistance by representing Petitioner while operating under a conflict of interest; (2) counsel provided ineffective assistance by failing to investigate the circumstances of Petitioner's case, by failing to investigate potential witnesses, and by failing to communicate effectively with Petitioner; and (3) Petitioner was "coerced" into pleading guilty because he could not afford to hire a new attorney after the trial court denied his motion to disqualify trial counsel. Petitioner presented claims one and three to the Delaware Supreme Court in his first post-conviction appeal, and the Delaware Supreme Court denied the claims as meritless. Petitioner then presented claim two in his second

---

[1] The Court concurs with the State's contention that the Petition is timely.

...

post-conviction appeal, which the Delaware Supreme Court denied as meritless. Given these adjudications, habeas relief will only be warranted if the Delaware Supreme Court's decisions were either contrary to, or involved an unreasonable application of, clearly established federal law.

### A. Claims One and Two: Ineffective Assistance of Counsel

Claims one and two allege that Petitioner was denied the effective assistance of counsel because defense counsel had a conflict of interest with Petitioner and also failed to investigate Petitioner's case and/or witnesses. The clearly established federal law for ineffective assistance of counsel claims is the two-pronged standard articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), and its progeny. *See Wiggins v. Smith*, 539 U.S. 510 (2003). Under the first *Strickland* prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. Under the second *Strickland* prong, a petitioner must demonstrate "there is a reasonable probability that, but for counsel's error the result would have been different." *Id.* at 687-96. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* at 688. In the context of a guilty plea, a petitioner satisfies *Strickland*'s prejudice prong by demonstrating that, but for counsel's error, there is a reasonable probability that he would have insisted on proceeding to trial instead of pleading guilty. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

In order to sustain an ineffective assistance of counsel claim, a petitioner must make concrete allegations of actual prejudice and substantiate them, or otherwise risk summary dismissal. *See Wells v. Petsock*, 941 F.2d 253, 259-260 (3d Cir. 1991); *Dooley v. Petsock*, 816

4

F.2d 885, 891-92 (3d Cir. 1987). The *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689.

To begin, the Court notes that Delaware Supreme Court's decisions were not contrary to clearly established federal law, because the Delaware Supreme Court analyzed Petitioner's claims within the *Strickland/Hill* framework.[2] *See Williams*, 529 U.S. at 406 ("[A] run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause.").

The Court must also determine if the Delaware Supreme Court reasonably applied the *Strickland/Hill* standard to the facts of Petitioner's case. When performing this inquiry, the Court must review the Delaware Supreme Court's decisions with respect to Petitioner's ineffective assistance of counsel claims through a "doubly deferential" lens. *See Richter*, 131 S.Ct. at 788. Notably, when § 2254(d) applies, "the question is not whether counsel's actions were reasonable, [but rather] whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* When assessing prejudice under *Strickland*, the question is "whether it is reasonably likely the result would have been different" but for counsel's performance, and the "likelihood of a different result must be substantial, not just conceivable." *Id.*

The transcript of Petitioner's plea colloquy demonstrates that he admitted to committing the offenses, represented that he was satisfied with his attorney's representation of him, asserted

---

[2] When affirming the Superior Court's decision to deny Petitioner's second Rule 61 motion in 2012, the Delaware Supreme Court cited to *Albury v. State*, 551 A.2d 53 (Del. 1988). In *Albury*, the Delaware Supreme Court applied *Strickland* and *Hill* to claims of ineffective assistance of counsel with respect to the guilty plea process.

5

that he was entering his guilty plea knowingly and voluntarily, and stated that he understood the consequences of pleading guilty. (D.I. 16) In both of his post-conviction appeals, the Delaware Supreme Court held that Petitioner was bound these sworn plea colloquy assertions because he failed to rebut the verity of the statements with clear and convincing evidence to the contrary. *See Samans*, 2009 WL 2634120, at *1; *Samans*, 2012 WL 1970109, at *1. The Delaware Supreme Court then held that Petitioner's guilty plea was knowing and voluntary, and that the plea effectuated a waiver of any claims of error or defect that occurred prior to the entry of the guilty plea. *See Samans*, 2012 WL 1970109, at *1. Relying on these conclusions, the Delaware Supreme denied claims one and two for failing to satisfy either prong of the *Strickland* test.

It is well-settled that "[s]olemn declarations in open court carry a strong presumption of verity" that create a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Here, the transcript of the January 9, 2008 plea colloquy contains Petitioner's clear and explicit statements that he had discussed his case with his lawyer and that he was satisfied with his counsel's representation. (D.I. 16) The plea colloquy also demonstrates that Petitioner had not been promised anything not contained in the plea agreement and that he was neither forced nor threatened to enter into the plea agreement. *Id.* Notably, Petitioner's unsupported allegations here fail to provide compelling evidence as to why the statements he made during the plea colloquy should not be presumptively accepted as true. For all of these reasons, the Court concludes that the Delaware Supreme Court reasonably applied *Blackledge* in holding that Petitioner was bound by the representations he made during the plea colloquy.

Given the statements Petitioner made during the plea process that he was not coerced into pleading guilty, that he was not dissatisfied with counsel's representation, and that counsel did

6

not provide ineffective assistance, Petitioner has failed to demonstrate that counsel performed deficiently. Petitioner also cannot satisfy the prejudice prong of the *Strickland/Hill* standard, because he has failed to demonstrate that he would not have pled guilty but for counsel's alleged actions. As explained by the Delaware Supreme Court, "[g]iven the number of serious charges against him, [Petitioner's] guilty plea provided him with a clear benefit." *Samans*, 2012 WL 1970109, at *1. Specifically, Petitioner faced a total sentence of 132 years in prison if convicted on all charges at trial. By pleading guilty, he reduced his total *potential* sentence to fifty-eight years, and he was *actually* sentenced to fourteen years in prison, suspended after ten years. Viewing the Delaware Supreme Court's decision through the doubly deferential lens applicable on habeas review, the Court concludes that the Delaware Supreme Court reasonably applied the *Strickland/Hill* standard in denying the arguments in claims one and two.

### B. Claim Three: Coerced Guilty Plea

In claim three, Petitioner contends that he had no choice but to plead guilty because he was forced to continue with an incompetent attorney after the trial court denied his motion to disqualify counsel, and he was afraid of receiving a fifty-year sentence if he proceeded to trial while represented by that same attorney. When the Delaware Supreme Court denied this argument as meritless, it explained that, although the trial court denied the motion to disqualify counsel, Petitioner failed to follow-up on the trial judge's recommendation that the motion might be granted if Petitioner provided a statement from counsel corroborating the existence of a conflict of interest. The Delaware Supreme Court then reviewed Petitioner's plea colloquy transcript and, after applying the principles articulated in *Blackledge*, explicitly held that Petitioner was bound by the statements he made during that colloquy expressing his satisfaction with counsel's performance and that he had not been coerced into pleading guilty. *See Samans*,

7

2009 WL 2634120, at *1. The Court concludes that the Delaware Supreme Court's denial of claim three does not warrant habeas relief.

As previously discussed, the Court has concluded that Petitioner's ineffective assistance of counsel allegations lack merit. The Court accepts as presumptively true the statements Petitioner made during his plea colloquy that he was voluntarily pleading guilty and he was satisfied with counsel's performance. Viewing Petitioner's instant allegations in context with these two prior determinations, the Court rejects as meritless Petitioner's argument that he only pled guilty because of counsel's purported incompetence.

In addition, the Court concludes that the record belies Petitioner's implicit contention that he was "forced" to plead guilty when the trial court refused to appoint substitute counsel because he "was afraid of spending fifty years in jail if he went to trial." (D.I. 2 at Ground Three) When the Superior Court denied Petitioner's motion to disqualify counsel on December 4, 2007, the judge explained that a new attorney would only be appointed if Petitioner obtained "a statement from [counsel] indicating that there is a conflict in his representation." (D.I. 16, Letter Order in *State v. Samans*, ID 0707000249 (Del. Super. Ct. Dec. 3, 2007)). However, one month passed without Petitioner obtaining a statement of conflict from his attorney (or any other evidence of a conflict), and then he entered his guilty plea on January 9, 2008.

In this proceeding, Petitioner has not submitted any evidence of an actual conflict with counsel, nor has he explained why he failed to follow up on his state court motion to disqualify counsel. Moreover, the fact that Petitioner expressed his satisfaction with counsel's representation when he entered the plea contradicts his instant contention that the trial court's refusal to appoint new counsel one month earlier "forced" him to enter a guilty plea. Thus, the Court concludes that the Delaware Supreme Court's denial of the instant claim constituted a

reasonable application of clearly established federal law and was based on a reasonable determination of the facts.

Accordingly, the Court will deny the Petition in its entirety.

## IV. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that Petitioner's habeas claims do not warrant relief. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is **DENIED**. An appropriate Order will be entered.